UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ABDUL-RAOOF MUSTAFA,

         Plaintiff,

    v.              5:05-CV-813
                      (FJS/GHL)

SYRACUSE CITY SCHOOL DISTRICT;
STEPHEN JONES, Superintendent of
Syracuse City Schools in his official and
individual capacities; and SHARON
BIRNKRANT, in her official and
individual capacities,

         Defendants.

---

**APPEARANCES**            **OF COUNSEL**

**SYRACUSE UNIVERSITY LAW**    **MICHAEL A. SCHWARTZ, ESQ.**
**SCHOOL, PUBLIC INTEREST**
**LAW FIRM**
P. O. Box 6543
Syracuse, New York 13217-6543
Attorneys for Plaintiff

**CITY OF SYRACUSE**        **JOSEPH FRANCIS BERGH, ESQ.**
**CORPORATION COUNSEL**
City Hall, Room 301
233 East Washington Street
Syracuse, New York 13202
Attorneys for Defendants

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. BACKGROUND

On June 29, 2005, Plaintiff commenced this action, alleging violations of Title VII, the

First Amendment to the United States Constitution, and the New York State Constitution. *See*

Dkt. No. 1. Plaintiff also filed an application to proceed *in forma pauperis*, *see* Dkt. No. 2, which this Court granted on July 21, 2005, *see* Dkt. No. 4. The Court also instructed the United States Marshal's Service to serve the summons and complaint on the named Defendants.

On August 19, 2005, Syracuse University Law School's Public Interest Law Firm ("PILF") called the Marshal's Service on behalf of Plaintiff to determine whether the Marshal's Service had served the summons and complaint. The Marshal's Service informed PILF that its Civil Division was three weeks behind schedule and that it would probably serve the documents within the next two weeks.

On September 1, 2005, PILF assigned two of its student attorneys to Plaintiff's case. On September 15, 2005, one of those students called the Marshal's Service and learned that the Deputy Marshal responsible for service was in Louisiana because of Hurricane Katrina and that the Marshal's Service would not serve the papers until he returned.

On October 3, 4, 5, 6, 2005, the student called the Marshal's Service and, on October 6, 2005, the Civil Division secretary advised her that the Marshal's Service had not yet served the documents. In a letter dated October 5, 2005, the students alerted the Court that the Marshal's Service had not yet served the summons and complaint on the named Defendants. They also requested that the Court adjourn the Rule 16 conference from November 15, 2005, to a later date; and they promised the Court that they would continue to call the Marshal's Service to urge that it complete service as soon as possible.

On October 12, 2005, one of the students again called the Marshal's Service to check on the status of service. The Marshal's Service advised her that it had not yet served the papers. After this call, the student called Terry Mitchell, Magistrate Judge Lowe's Clerk, to find out what

PILF's options were to effect service in a timely manner in the event that the Marshal's Service failed to serve Defendants by the October 29, 2005 deadline. Mr. Mitchell informed her that PILF could either ask the Court for an extension of time to serve or use a private process server.

Since PILF was not confident that the Marshal's Service would serve the summons and complaint by the deadline, the students went to the Marshal's office on October 17, 2005, and asked for and received the summons and complaint. PILF then selected N.H. Laquidari and Associates ("Laquidari") to serve the summons and complaint; and, on October 18, 2005, they sent the summons and complaint to Laquidari for service. Laquidari received the documents on October 21, 2005.

On October 25, 2005, at 1:55 p.m., Richard Rickert, a process server with Laquidari, personally went to Defendant Syracuse City School District's office at 725 Harrison Street. Mr. Rickert first went to the Legal Office, which was closed, and then, as directed, went to the Superintendent's Office. At that office, he met Ms. Adele Delvecchio, one of the secretaries in the Office, and told her that he had legal service for Defendant Syracuse City School District and Defendant Superintendent Jones. Ms. Delvecchio told him that she was authorized to receive service of process for the Superintendent and the District. Mr. Rickert also told Ms. Delvecchio that he had documents for Defendant Sharon Birnkrant, principal of H.W. Smith Elementary School. Ms. Delvecchio informed Mr. Rickert that all service of process for Defendant Syracuse City School District were received at 725 Harrison Street and that she was authorized to receive those documents as well. Therefore, Mr. Rickert left copies of the summons and complaint for the named Defendants with Ms. Delvecchio. After the left Defendant Syracuse City School District's Office, Mr. Rickert mailed copies of the summonses and complaints to the named

Defendants at 725 Harrison Street and forwarded the affidavits to service to PILF.

On November 14, 2005, Defendants moved to dismiss the complaint for insufficiency of service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. On December 6, 2005, Plaintiff filed his papers in opposition to this motion, in which he requested that the Court extend his time to serve the summons and complaint on all Defendants.

## II. DISCUSSION

Rule 4(m) provides, in pertinent part, that

> [i]f service of the summons and complaint is not made upon a defendant **within 120 days after the filing of the complaint**, the court, **upon motion** . . . shall dismiss the action without prejudice as to that defendant **or direct that service be effected within a specified time**; provided that **if the plaintiff shows good cause for the failure**, the court **shall extend the time for service** for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added).

Although an extension of time is mandatory if a plaintiff shows good cause for failing to serve the summons and complaint within the 120-day period, "'Rule 4(m) allows the court, in its discretion, to extend the time for service, even if the plaintiff fails to show good cause.'" *Blandford v. Broome County Gov't*, 193 F.R.D. 65, 68 (N.D.N.Y. 2000) (quoting *Husowitz v. American Postal Workers Union*, 190 F.R.D. 53, 57 (E.D.N.Y. 1999)) (other citations omitted).

"The plaintiff bears the burden of proof in showing that it had good cause in not timely serving the defendant." *AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 108 (S.D.N.Y. 2000) (citations omitted). To determine whether the plaintiff has met this burden, "'[d]istrict courts consider the diligence of plaintiff's efforts to effect proper service

-4-

and any prejudice suffered by the defendant as a consequence of the delay.'" *Blandford*, 193 F.R.D. at 68 (quoting *Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y. 1999) (citing *Echevarria v. Department of Correctional Servs.*, 48 F. Supp. 2d 388, 392 (S.D.N.Y. 1999))). In analyzing the level of plaintiff's diligence, the court should look at, among other things, "'whether plaintiff moved under FRCP 6(b)' for an extension of time in which to serve the defendant." *AIG Managed Mkt. Neutral Fund*, 197 F.R.D. at 108 (quoting *Gordon v. Hunt*, 835 F.2d 452, 453 (2d Cir. 1987)). Finally, "[a] delay in service resulting from the mere inadvertence, neglect, or mistake of a litigant's attorney does not constitute good cause." *Id.* (citations omitted).

> If the court determines that the plaintiff has not demonstrated good cause for his failure,
>> the district court, in exercising its discretion to extend the time for service, should consider the following factors: "'(1) whether the applicable statute of limitations would bar the re-filed action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.'"

*Blandford*, 193 F.R.D. at 68 (quoting *Charles*, 1999 WL 717300, at *7 (quoting *Eastern Refractories*, 187 F.R.D. at 506)).

In this case, Plaintiff acknowledges that his attempted service on Defendants was insufficient; and, in light of the relevant law, to argue otherwise would be without merit.[1] Therefore, the Court must determine whether it should dismiss the complaint for insufficient

---

[1] Rule 4(j)(2) of the Federal Rules of Civil Procedure governs service on a governmental organization such as Defendant Syracuse City School District. *See* Fed. R. Civ. P. 4(j)(2); N.Y. Educ. Law § 2508(1); N.Y. C.P.L.R. § 311(7); N.Y. Educ. Law § 2(13). Rule 4(e) of the Federal Rules of Civil Procedure governs service upon individual defendants, such as Defendants Jones and Birnkrant. *See* Fed. R. Civ. P. 4(e); N.Y. C.P.L.R. § 308(1), (2).

service of process or extend Plaintiff's time to effect service.

In the first instance, Plaintiff argues that he has demonstrated good cause for his failure to effect service because his counsel diligently tried to effect service on Defendants from the time that the Clerk's Office gave the papers to the U.S. Marshal's Service through the time that Plaintiff's counsel believed that the papers were served. *See* Plaintiff's Memorandum of Law at 9. Specifically, he points to the fact that he reasonably relied upon the Marshal's Service to serve the papers in a timely fashion and that, between August 2005 until October 12, 2005, his counsel called the Marshal's Service at least six times to urge that the Marshal's Service effect process; and each time, the Marshal's Service assured Plaintiff's counsel that it would serve the papers soon. *See id.* Moreover, once his counsel became concerned that the Marshal's Service would not effect service within the 120-day period, counsel retrieved the papers from the Marshal's Service and attempted to serve the defendants privately. *See id.* at 10.

Furthermore, Plaintiff notes that, on October 25, 2005, the process server gave the papers for each Defendant to Ms. Delvecchio only

> after he announced himself and made it clear that he was at the Superintendent's office to serve the papers for the School District, the Superintendent, and Principal Birnkrant. . . . Mr. Rickert left the summons and complaint with Ms. Delvecchio only after she assured him that she was authorized [to accept service]. . . . Thus, while technically service may not have been effected, as a practical matter the defendants received the papers. *See Blandford*, 193 F.R.D. at 68 ("Service of the complaint by itself evidences an effort by plaintiff to timely serve Defendants.").

*See* Plaintiff's Memorandum of Law at 10 (internal citations omitted).

Based upon these facts, Plaintiff argues that "because [his] counsel has diligently tried to effect service and . . . the defendants have actual notice of this case, defendants would not suffer

any prejudice if the Court extended the time for service." *See id.* at 10-11 (citing *Nat'l Union Fire Ins. Co. v. Forman 635 Joint Venture*, No. 94-1312, 1996 U.S. Dist. LEXIS 6949 at *9; *Farris v. Aon Risk Services*, No. 97-8586, 1998 U.S. Dist. LEXIS 20611 at *7 (S.D.N.Y. Dec. 20, 1998)) (other citation omitted).

To the contrary, Defendants argue that Plaintiff has not met his burden to show good cause for his failure to serve them in a timely manner because this failure "is the result of circumstances within his control." *See* Defendants' Reply Memorandum of Law at 2. Specifically, Defendants contend that, because it is Plaintiff's responsibility to make sure that service of the summons and complaint is effected within the 120-day time period, he cannot rely on the delay of the Marshal's Service to support his claim that he has good cause for failure to effect timely service. *See id.*

Alternatively, Defendants claim that, "[e]ven if the . . . failures by the Marshal were not within the control of the Plaintiff, . . ., there is ample evidence before the Court that the failure to make timely service of the Summons and Complaint upon Defendants was due to the mistake and inadvertence of counsel for the Plaintiff." *See id.* Specifically, Defendants note that (1) Plaintiff's counsel did not request an extension of time to serve the summons and complaint, (2) Plaintiff's counsel provided the summons and complaint to the process server with only ten days remaining until the 120-day period expired, (3) Plaintiff's counsel apparently provided no directions to the process server about whom he was to serve or where he was to serve them, and (4) Plaintiff's counsel apparently did not review the affidavits of service to ensure that the service satisfied the requirements of Rule 4 of the Federal Rules of Civil Procedure. *See id.* at 2-3.

Finally, Defendants assert that Plaintiff's counsel's "failure to [review the language of

-7-

Rule 4 of the Federal Rules of Civil Procedure and CPLR §§ 308, 311] and compar[e] . . . the affidavits of service with the applicable statutory text is clear evidence that Plaintiff was not diligent in trying to serve Defendants in a timely manner." *See id.* at 5. Moreover, Defendants contend that for Plaintiff and his counsel

> [t]o wait until just before the expiration of the one hundred twenty (120) day period to attempt to serve Defendants via a private process server is not diligent. Contrary to Plaintiff's assertions, Plaintiff and his attorneys did not do everything within their power to serve Defendants timely. Had they done [so], Plaintiff and his attorneys would have given the Summons and Complaint to the process server well in advance of the one hundred twenty (120) day limit with clear instructions as to how to serve Defendants properly and would have made sure that Defendants were served via a method permitted by the Federal Rules of Civil Procedure and the CPLR. Such instructions were not provided and show a clear abdication of Plaintiff's responsibility under Rule 4(c)(1) to have the Summons and Complaint served upon Defendants within the one hundred twenty (120) day limit of Rule 4(m).

*See id.*

Under the circumstances of this case, particularly in light of Plaintiff's *in forma pauperis* status, whether Plaintiff has demonstrated good cause for his failure to effect service on Defendants is a close question. Plaintiff was certainly entitled to rely upon the Marshal's Service to effect service in a timely manner; and there is no doubt, based upon the record, that Plaintiff's counsel diligently, although ultimately unsuccessfully, attempted to have the Marshal's Service effect service within the 120-day time period. However, once Plaintiff's counsel decided not to rely upon the Marshal's Service to effect service; but, rather, to employ a private process server to effect service, counsel had an obligation to ensure that the process server effected service correctly and in a timely fashion. It appears from the record that counsel failed in this obligation.

At the very least he should have requested an extension of time in which to effect service. In addition, he apparently failed to provide the process server with the appropriate instructions to ensure that he properly effected service and also failed to check the affidavits of service to ensure compliance with the relevant statutory requirements.

This being said, however, the Court need not decide this issue because, even assuming that Plaintiff has failed to show good cause for his failure, the Court may still exercise its discretion and extend the time for Plaintiff to effect service on Defendants. Looking at the factors that are relevant to its decision whether to exercise its discretion, the Court finds that it is clear that dismissal of this complaint is unwarranted.

First, if the Court were to dismiss this action, Plaintiff's Title VII claim would be time-barred. In addition, because Plaintiff has not been an employee of Defendant Syracuse City School District since May 2004, at the very latest, the three-year statute of limitations for his § 1983 claim will expire very soon – in May 2007. In addition, it is clear that Defendants have actual notice of the claims asserted in the complaint. In fact, they filed their motion to dismiss based upon insufficient service of process less than a month after Plaintiff's process server attempted to effect service on them. Finally, Defendants do not argue, and the Court cannot discern, that they would be prejudiced if the Court granted Plaintiff's request for an extension of time to effect service.

### III. CONCLUSION

After having carefully reviewed the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendants' motion to dismiss the complaint for insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure is **DENIED**; and the Court further

**ORDERS** that Plaintiff's request for an extension of time in which to effect service of process on Defendants is **GRANTED**; and the Court further

**ORDERS** that Plaintiff shall serve the summons and complaint on all Defendants within **forty-five days** from the date of this Order.

**IT IS SO ORDERED.**

Dated: March 28, 2007
       Syracuse, New York

                                              Frederick J. Scullin, Jr.
                                              Senior United States District Court Judge